UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| DAVID ROY WINTERS, | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:12-CV-489 RLM |
| | ) | |
| OFFICE OF HOUSING AND URBAN DEVELOPMENT, *et al.*, | ) ) | |
| | ) | |
| *Defendant* | ) | |

## OPINION AND ORDER

David Roy Winters brought suit against the Office of Housing and Urban Development (HUD), Secretary of HUD Shaun Donovan, Gene Glick Management Corporation, Cindie Sater, in her capacity as "CEO and owner of Farrington of South Bend Apartments," and Robin Skarritt, the "Property Manager of Farrington Apartments," under 42 U.S.C. § 1983, *Bivens*, 5 U.S.C. § 552, and various state laws, alleging that they discriminated against him based on his race and disabilities and violated his constitutional rights when the manager of the apartment he rents sent him a letter telling him that his rent might be increased. The defendants have moved to dismiss Mr. Winters' complaint and supplemental amendment in their entirety under Fed. R. Civ. P. 12(b)(6). For the following reasons, the court grants the defendants' motions.

When considering a Rule 12(b)(6) motion to dismiss, the court construes the complaint in the light most favorable to the nonmoving party, accepts all well-pleaded facts as true, and draws all inferences in the nonmoving party's

favor. Reynolds v. CB Sports Bar, Inc., 623 F.3d 1143, 1146 (7th Cir. 2010). But Fed. R. Civ. P. 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. at 570); *see also* Morrison v. YTB Int'l, Inc., 649 F.3d 533, 538 (7th Cir. 2011); Brooks v. Ross, 578 F.3d 574, 581 (7th Cir. 2009). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. at 556). *See also* Swanson v. Citibank, N.A., 614 F.3d 400, 404 (7th Cir. 2010)("the plaintiff must give enough details about the subject-matter of the case to present a story that holds together."). "Threadbare recital of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678.

Mindful of Mr. Winters' *pro se* status, the court reads his pleadings and filings liberally. *See* Donald v. Cook County Sheriff's Dept., 95 F.3d 548, 555 (7th Cir. 1996). "The essence of liberal construction is to give a pro se plaintiff a break when, although he stumbles on a technicality, his pleading is otherwise understandable." Hudson v. McHugh, 148 F.3d 859, 864 (7th Cir. 1998). Nevertheless, the court is under "no obligation to act as counsel or paralegal to

2

pro se litigants." Myles v. United States, 416 F.3d 551, 552 (7th Cir. 2005). There is no duty to "fill in all of the blanks in a pro se complaint." Hamlin v. Vaudenberg, 95 F.3d 580, 583 (7th Cir. 1996). The court has tried to discern exactly what Mr. Winters is alleging in his pleadings, but, even with a liberal reading of the complaint and the inclusion of facts from other pleadings, it finds Mr. Winters' complaint vague, conclusory, and factually and legally insufficient.

To state a claim under 42 U.S.C. § 1983, Mr. Winters must allege that he was deprived of a federal right and that the persons who deprived him of that right acted under color of state law. Gomez v. Toledo, 446 U.S. 635, 640 (1980); Jacobs v. City of Chicago, 215 F.3d 758, 774-75 (7th Cir. 2000). *Bivens* claims are a "federal analog" to suits against state officials under 42 U.S.C. § 1983, and require the plaintiff to show that a federal officer violated his constitutional rights. Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 397 (1971); Corr. Servs. Corp. v. Malesko, 534 U.S. 61, 66 (2001).

Even if Gene Glick Management Corporation and Ms. Skarritt could be considered "state actors," as Mr. Winters contends, the complaint doesn't state a viable claim for relief against them under § 1983, nor does it state a viable claim against HUD and Secretary Donovan under *Bivens*.

To comply with Fed. R. Civ. P. 8(a)(2) and survive a motion to dismiss, the complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Mr. Winters must "'state a claim to relief that is plausible on its face,' which in turn requires sufficient

factual allegations to permit the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Engel v. Buchan, 710 F.3d 698, 709 (7th Cir. 2013) (quoting Twombly, 550 U.S. at 570). He hasn't met that burden.

For factual allegations to be sufficient, "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." Swanson v. Citibank, N.A., 614 F.3d 400, 404 (7th Cir. 2010). Legal conclusions alone are insufficient and aren't entitled to the same presumption of truth given to facts. Iqbal v. Twombley, 556 U.S. at 678-79. Mr. Winters alleges that he was discriminated against by the property manager of his apartment complex, Robin Skarritt, based on his race and disabilities in violation of the Equal Protection Clause. He also alleges that various other rights were infringed upon, including the right to privacy and "liberty interests." But Mr. Winters' complaint, awash with legal jargon and conclusions, doesn't provide facts to support those allegations. Rather, he alludes to "looks of resentment, racial prejudices, [and] suspicion" on the part of other tenants and reports that there aren't many people of color at Farrington Apartments. Mr. Winters also states that a letter from Robin Skarritt thagt informed Mr. Winters about a possible increase in rent was "clear evidence" of her "hostility . . . against people of color." Based on these observations, Mr. Winters states that the defendants acted "outside their collective scope of authorities, provided by the U.S. Federal Government, to discriminate against the [P]laintiff because of race...." Mr. Winters also alleges that his right to privacy was

4

violated because he believes someone at Farrington Apartments obtained information about his bank account and reported it to Robin Skarritt, thus prompting the letter regarding the possible increase in rent. The complaint says nothing about Mr. Winters' disabilities.

The allegations of discrimination and other violations of constitutional rights take the form of legal conclusions. The few "facts" that can be found simply state that there aren't many people of color at Farrington, that some of Mr. Winters' neighbors seem to express dissatisfaction with Mr. Winters living at Farrington, and that Mr. Winters got a letter about a possible increase in rent that frightened him. These facts don't support any claim of discrimination or violation of a constitutional right by the named defendants.

While discussing the allegation that someone at Farrington obtained information about his bank account and informed Robin Skarritt, Mr. Winters briefly mentions the Freedom of Information Act, 5 U.S.C. § 552, but makes no claim for relief. He simply states that he "shall submit (F.O.I.A.) Request to the named defendants pursuant to 5 U.S.C. § 552(a). . ." Allegations such as these are insufficient under Fed. R. Civ. P. 8(a)(2).

Mr. Winters' complaint also contains conclusory allegations of conspiracy, 'attempted embezzlement,' negligent or intentional infliction of emotional distress, retaliation, and fraud based on state law. Indeed, the apartment complex defendants have teased as many as 25 claims out of the complaint. But in light of the dismissal of the federal claims, the court declines to exercise supplemental

jurisdiction over those claims. See Fields v. Wharrie, 672 F.3d 505, 518 (7th Cir. 2012).

For the foregoing reasons, defendants' motions to dismiss [Doc. Nos. 17 and 22] are GRANTED; defendants' motion to strike plaintiff's reply brief [Doc. No. 25] is DENIED as moot; and the plaintiff's motion to reconsider appointment of counsel [Doc. No. 27] is DENIED for the reasons stated in Magistrate Judge Nuechterlein's order of December 13, 2012.

SO ORDERED.

ENTERED:  September 20, 2013

/s/ Robert L. Miller, Jr.
Judge
United States District Court